Filed 7/6/16  P. v. Cohen CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068732, D069318 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD245230, SCD245562) |
| RONALD JAY COHEN, | |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from a judgment of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ronald Jay Cohen appeals after a jury found him guilty of attempted premeditated murder (Pen. Code, §§ 664, 187, subd. (a); count 1);[1] kidnapping for robbery (§ 209,

---

[1]    All statutory references are to the Penal Code unless otherwise specified.

subd. (b)(1); count 2); kidnapping during a carjacking (§ 209.5, subd. (a); count 3); carjacking (§ 215, subd. (a); counts 4 & 13); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 5); second degree robbery (§ 211; counts 6, 15, 23 & 26); second degree burglary (§ 459; count 7); petty theft (§ 484; count 8); evading an officer with reckless driving (Veh. Code, § 2800.2; counts 9 & 28); grand theft of an automobile (§ 487, subd. (d)(1); counts 10 & 27); unlawfully taking and driving a vehicle (Veh. Code, § 10851, subd. (a); counts 11, 19 & 29); attempting to dissuade a witness (§ 136.1, subd. (b)(1); counts 12, 14 & 25); making a criminal threat (§ 422; count 16); receiving stolen property (§ 496, subd. (a); count 17); attempted carjacking (§§ 664, 215, subd. (a); counts 18 & 32); receiving a stolen vehicle (§ 496, subd. (d); count 20); assault with a deadly weapon (§ 245, subd. (a)(1); counts 21 & 31); uttering a non-sufficient fund check (§ 476a, subd. (a); count 22); false imprisonment by violence (§§ 236, 237, subd. (a); count 24); and first degree burglary (§ 459; count 30). On counts 1 through 5 and 31, the jury also found true that Cohen personally inflicted great bodily injury on his victim (§§ 12022.7, subd (a), 1192.7, subd. (c)(8)). On counts 21, 31 and 32, the jury found true that Cohen personally used a deadly and dangerous weapon (§§ 1192.7, subd. (c)(23), 12022, subd. (b)(1)).

The trial court vacated Cohen's conviction on carjacking (count 4) because it was a lesser included offense of kidnapping during a carjacking (count 3). The court sentenced Cohen to two life terms with the possibility of parole plus 24 years six months in prison. The court also imposed a consecutive term of one year in county jail for count 17, a misdemeanor.

Cohen's court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We find no arguable issues and affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

This case involves a crime spree spanning between May and December 2012. We provide only a brief recitation of the facts to provide background for Cohen's numerous convictions.

In May 2012, an officer attempted to pull Cohen over for speeding. Cohen evaded the officer with reckless driving. When he eventually pulled over, Cohen fled. Cohen's passenger identified him as the driver a few days later.

In June 2012, Cohen took Xavius Vernell Shepherd's and Melissa Mendoza's rental vehicle without permission. Mendoza spoke with Cohen and told him she would call the police if he did not return the vehicle. Cohen responded by telling her he was from the Lincoln Park gang and "things could get dirty" if she called the police.

On October 10, 2012, Cohen pointed a gun at Alexander Van der Puyl and demanded Van der Puyl's vehicle and identification. Cohen said he was from the Lincoln Park Bloods gang and would send people to Van der Puyl's house if Van der Puyl called the police. Officers recovered Van der Puyl's vehicle later that night.

Approximately one week later, a man, working in conjunction with Cohen, attempted to take Michelle May's vehicle by force while May was parked in a medical center parking lot. Cohen and the other man walked away in opposite directions after

3

May screamed. Later that day, officers observed a vehicle Cohen had been seen driving. The occupant of that car directed officers to Cohen. When officers located Cohen, they searched him and recovered Van der Puyl's driver's license and debit card, a Target card, a set of car keys and checks belonging to Paulette Santana.

In late November 2012, Damari Morris took Frank Phillips's vehicle without permission after Phillips denied Morris's request that Phillips give Morris and Cohen a ride. Shortly thereafter, Cohen unlawfully drove Phillips's vehicle.

On November 30, 2012, Montay Price gave Cohen and Morris a ride. When Price parked the vehicle, Cohen showed him a pistol and threatened to kill him if he did not cooperate. Over a period of several days, Cohen made further threats and forced Price to deposit checks in Price's account and provide Cohen with cash. The checks were drawn on an account with insufficient funds. Cohen threatened to kill Price's family if Price called the police. Cohen ultimately demanded Price's car keys and took the car by threatening him with a gun. When police tried to stop Price's vehicle, Cohen evaded officers and eventually fled.

In mid-December 2012, Cohen responded to Luis Espinoza's Craigslist advertisement for the sale of a BMW vehicle. When Espinoza met with Cohen at a location Cohen had represented was his home, Cohen directed Espinoza to fill out paperwork transferring title to the vehicle and threatened Espinoza with a knife and gun. Cohen hit Espinoza in the head several times with the gun. Cohen had entered the apartment where he met with Espinoza without permission.

4

Later that month, Terry King gave Cohen and another male a ride. Cohen pointed a gun at King, told King he needed to use the car to get money, and traded places with King in the driver's seat. They picked up another male passenger. From that point, the men, other than King, engaged in a series of crimes, including robbery, burglary and petty theft. The men severely assaulted King, choked him until he was unconscious, and bound his hands and legs with duct tape. The three men eventually left King unconscious in a ditch. When King awoke, he contacted the police who ultimately apprehended Cohen.

A jury convicted Cohen as charged and found all special allegations true. After the trial court pronounced sentence and Cohen filed his notice of appeal, he requested that the trial court recall his sentence because the court did not state its reasons for imposing consecutive terms. The trial court resentenced Cohen, imposing two consecutive life terms with the possibility of parole consecutive to 24 years six months in prison. The court also imposed a consecutive term of one year in county jail for the conviction of receiving stolen property, a misdemeanor. In imposing the consecutive sentences, the court reasoned that Cohen had independent objectives in committing the crimes, the crimes involved separate acts of violence, and the crimes occurred at different times and places. Cohen filed a second notice of appeal following the resentencing. We consolidated the cases.

### DISCUSSION

On appeal, Cohen's appointed appellate counsel filed an opening brief pursuant to *Wende*, requesting that we conduct an independent review of the record to determine

5

whether there are any arguable appellate issues. (*Wende*, *supra*, 25 Cal.3d 436.) Under *Anders*, *supra*, 386 U.S. 738, she listed as possible but not arguable issues, whether (1) there was sufficient evidence that Cohen personally used enough force on King to have personally caused great bodily injury; (2) the trial court erred in instructing the jury with a portion of CALCRIM No. 3160, providing that the jury could find personal infliction of bodily injury if the physical force Cohen used on King was sufficient in combination with force used by others to cause King to suffer great bodily injury; (3) the trial court properly denied Cohen's new trial motion on the ground that his counsel was ineffective for failing to present the testimony of Cohen's family members to contradict Price's testimony; (4) the trial court properly imposed multiple great bodily injury enhancements attached to divisible offenses occurring during the same ongoing incident; (5) the trial court improperly imposed full three-year great bodily injury enhancements on both life terms for premeditated attempted murder of King and kidnapping King during a carjacking; and (6) the trial court should have stayed one of the life terms it imposed on Cohen's convictions for attempted murder and kidnapping during carjacking. We granted Cohen permission to file a brief on his own behalf. He has not responded.

We have examined the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, and considered the possible issues referred to by appointed counsel. We find no reasonably arguable appellate issue. Competent counsel has represented Cohen on this appeal.

## DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McDONALD, J.